McWhorter vs. McMurrain.

R. B. McWHORTER, plaintiff in error, vs. T. J. McMURRAIN, defendant in error.

As the judgment granting a new trial, is not final, it is only in an extreme case, that such a judgment will be disturbed, by a reviewing Court.

Motion in arrest of judgment on *ca. sa.*, from Sumter county. Tried before Judge ALLEN, March Term, 1858.

At September Term, 1857, McWhorter obtained judgment against McMurrain, on which a *ca. sa.* issued. At the next Term McMurrain moved to set aside the same, upon the ground that he had filed a plea in said cause, and that said

verdict was rendered upon an irregular call of the docket, and without notice to defendant.

Counsel for McWhorter moved to dismiss said motion, because it did not set forth any intrinsic matter appearing upon the face of the record, and that judgment cannot be arrested for matter not appearing upon the face of the record itself.

The Court refused to dismiss the motion, deciding that there might be other grounds than those intrinsic upon the record; that there might be such irregularity in obtaining the judgment, as would authorize the Court to set it aside. To which refusal and decision of the Court counsel for McWhorter excepted.

The Court then proceeded to hear evidence as to the facts alleged in the motion to set aside said verdict, judgment and *ca. sa.;* to which McWhorter's counsel excepted.

*Thomas C. Sullivan* testified as follows: Counsel were permitted to take confessions at any time during the Term, and. when the attention of the Court was called thereto, the proper entry was made. At the heel of the Court the common law docket was called in its order, and where no defense was made, verdicts were taken. If there was litigation, or defense, or complex proof, the case was continued, and he was confident all the cases were thus disposed of.

*Scarborough* stated, that at September Term, 1857, the Court allowed counsel to take verdicts where there was no defense, without sounding the case. On the last day, the Court called the docket regularly, announcing, however, that no litigated case would be tried; knows nothing of this particular case.

*N. A. Smith* stated the same, but knew nothing about this case.

*Willis A. Hawkins* stated, that when the suit was brought, McMurrain employed Hawkins & McCoy to defend it, and at appearance Term, he made out and filed a plea; doesn't know that the Clerk saw it or filed it; which plea, if true, was a good defense to the suit; did not hear the case called;

presumes he and McCoy were in Court when the case was called, if called at all; their names were not marked on the docket until this (March) Term of the Court. To all which testimony McWhorter's counsel excepted.

*Hawkins* stated that the docket was called in an irregular manner, and verdicts taken without cases being sounded; don't know whether this one was sounded or not, but if it was, he and McCoy had no notice of it.

McWhorter introduced evidence and proved by the Clerk, that he could find no plea of file between appearance and trial Term; never recollected seeing any; and by Worrell, about the same as Sullivan and Scarborough proved, and also that he was confident all the cases at September Term, which were disposed of, were sounded at the time.

*Snead*, of counsel, stated, to his recollection, the case was called before the verdict was taken; that no counsel was marked, and he enquired of the Clerk if there was any plea filed, and the Clerk informed him there was not; thinks Mc-Coy & Hawkins were present when the case was called.

The Court sustained the motion, and ordered and adjudged that the verdict, and judgment and *ca. sa.* be set aside, and the case stand as at trial Term before verdict was taken.

To which counsel for McWhorter excepted, and upon these several exceptions assign error.

SNEAD & ALLEN, for plaintiff in error.

McCOY & HAWKINS, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

A judgment granting a new trial, is not final. When, therefore, the Court in which a verdict is rendered is dissatisfied with the verdict, and grants a new trial, the grant will not be disturbed by a reviewing Court, except in an extreme case.

And it must be admitted, that the present case comes very

near to an extreme case. Indeed, as the case stands, it comes quite to it. As the case stands, there is no affidavit of the truth of the plea; none of an expectation of ability to prove the plea on a new trial.

Therefore, we can only conditionally, affirm the judgment granting the new trial; namely on condition, that an affidavit of these two things be filed in the Court below by McMurrain within a reasonable time, to be judged of by that Court.

Judgment affirmed conditionally.